Aiken & Co. vs. Eager, Ellerman & Co.

## No. 8645.

### JOSEPH A. AIKEN & CO. VS. EAGER, ELLERMAN & CO.

In absence of all privity between plaintiffs and defendants, the former, who are lessees of the wharves from the City and have no rights except such as are derived from the City, can claim no rights against the defendants as former lessees, which the City herself could not have urged against them. Under the contract between the City and defendants, as construed by both parties thereto, the defendants had the right to collect and appropriate the entire wharfage due by vessels which had moored at the wharves prior to the expiration of their lease; and as the City was estopped from claiming return of any portion thereof, plaintiffs cannot do so. If the City has transferred to them a right which she did not possess, they must look to her for indemnity, and not to defendants.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

_W. S. Benedict_ and _Bayne & Denègre_ for Plaintiffs and Appellants.

_Fred. D. King_ and _J. B. Eustis_ for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. The City of New Orleans leased the wharves to defendants by a contract commencing on the 29th of June, 1875, and ending on the 29th of May, 1881. At the beginning of this contract many vessels were lying at the wharves which remained there and enjoyed the facilities after the rights of the defendants accrued. The City claimed the right to the entire wharfage dues of vessels which moored prior to defendants' contract. Defendants claimed a proportion of said dues corresponding to the length of time during which the vessels remained after their contract. Defendants yielded, and the contract was interpreted and executed according to the City's view.

Acting under this construction, defendants collected the entire wharfage dues of all vessels mooring prior to the expiration of their contract—exercising thereby a right which certainly the City could not, in good faith, dispute.

On the day after the expiration of defendants' contract, the City executed a new lease of the wharves to Aiken & Co., the present plaintiffs.

They bring the present action against the defendants to recover the proportion of wharfage dues collected by the latter from vessels arriving before, but remaining after, the beginning of plaintiffs' contract.

It appears from the evidence that the wharfage dues are fixed at a certain sum per ton for sixty days or any part thereof. They are the same whether the vessel remains one hour or sixty days. They would seem, therefore, to be as completely earned after the vessel had moored at the wharves as at any period thereafter of the sixty days. Although the ordinances of the City do not prescribe that they become due on

the date of arrival or at any fixed day, yet the admitted custom of both plaintiffs and defendants to present the bills for wharfage as soon as the vessel arrives, establishes the understanding of both that they are then due. Bills are not usually presented for payment before they are considered to be due. The evidence is that the bills are sometimes paid on presentation, while at other times delays were allowed.

If the bills were due on arrival, defendants had a right to collect, and owe no account therefor to any one.

But, at all events, it seems clear beyond the possibility of cavil, that the City, under her own construction and execution of her contract with defendants, would have been conclusively estopped from questioning the latter's right to make such collections. There exists no privity whatever between plaintiffs and defendants. Plaintiffs have no rights whatever in the premises, except such as were derived from the City. How could they derive from the City a right which the City herself did not possess?

We may admit that plaintiffs are not bound as to their own contract by a construction which had been placed by the City on a former similar contract with a different party, in absence, at least, of proof of knowledge thereof in the plaintiffs. But this does not help the case. If, as plaintiffs contend, the City conveyed to them the right to collect their share of wharfage due by vessels lying at the wharves at the date of their contract, the fact that the City did not possess such right, and could not transfer and deliver it, might furnish ground for an action for indemnity against the City, but could create no claim against the defendants.

There is not only absence of legal right in plaintiffs' case, but even of hardship on them, since, at the expiration of their own lease, they will exercise the same privilege which has been asserted by defendants.

Judgment affirmed.

---

### DISSENTING OPINION.

MANNING, J. The City ordinance does not fix the time when these wharfages are due and collectible, nor is there any stipulation in either of the contracts about it, nor uniform custom regulating it. Sometimes they were collected on the arrival of the vessel (one of the witnesses says most of them were), and at others during the first week or later. There was no fixed time for collecting them.

Prior to the Eager–Ellerman contract the City collected them herself, and the same thing had of course occurred when that contract begun as now. The City had collected wharfage of many vessels on their

arrival, whose period of detention extended over into the time covered by the Eager–Ellerman contract, and these contractors had made the same demand of the City that is now made of them. The City refused to pay any portion of what she had collected, and told them to serve their successors in like manner. They acted on her suggestion, and hence this suit.

The collection of the wharfage when the vessel moors seems the better rule, and if the practice was made uniform of each contractor collecting on the ship's arrival and retaining the whole, leaving his successor the same privilege, no injustice would be done anybody. But however excellent the rule, it has been neither made nor acted on save by the City when she arbitrarily interpreted her first contract with Eager, Ellerman & Co. in that way. Had she then incorporated the stipulation in her subsequent contracts, there would have been no room for controversy. The plaintiffs stand on their legal rights, and I cannot gainsay them.

The defendants had judgment below on a ruling that there was no privity of contract between them and the plaintiffs, but it is not a question of contract between these parties. The suit is not upon a contract, but for money had and received. If the defendants received from the vessels money, a part of which equitably belonged to the plaintiffs, an action will lie to recover such rateable portion. The gist of the action is the obligation of the defendants to refund the money, or such portion of it as rightfully belonged to the plaintiffs.

The justification of the collection of wharfage is the expense incurred in providing facilities for vessels, such as wharves, piers, landings, etc., and the sums imposed are theoretically apportioned to the amount necessary to keep these appliances in repair. It is reasonable, then, that those whose duty is to keep in repair the wharves and landings, should be entitled to the charges imposed for that special purpose, and time must necessarily enter as a factor in the calculation where the duty and the right have shifted during the period of detention.

If a score of vessels arrived on the last day of Eager–Ellerman's contract, and paid them the wharfage for the full time they are allowed to remain, the wear and tear of the wharves during fifty-nine days of their stay must be borne by Aiken & Co., and they are entitled to their proportion of the wharfage collected.

The fact that some one connected with the City government had construed Eager–Ellerman's contract to mean that they were not entitled to any wharfage already collected, and that they chose to accept that construction rather than sue the City and get a judgment

72

that might not be worth the getting, furnishes no reason to preclude the plaintiffs from asserting their rights.

The tabular statement in evidence shews that the defendants received wharfage for a large number of vessels whose detention lapped over into the time covered by the plaintiffs' contract, and that the proportion of the sum thus received, which the plaintiffs are equitably entitled to, is $6,511.75. I think they should have judgment for it, with legal interest from June 14, 1881.